Sierra Elizabeth (SBN #268133)
sierra.elizabeth@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope St
Los Angeles, CA 90071
(213) 680-8400
(213) 680-8500

Garret A. Leach, P.C. (*pro hac vice* pending)
gleach@kirkland.com
Robin A. McCue (*pro hac vice* pending)
robin.mccue@kirkland.com
Megan M. New (*pro hac vice* pending)
megan.new@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862 - 2000

*Attorneys for Plaintiff Allstate Insurance Company*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, an Illinois insurance company,<br><br>Plaintiff,<br><br>- vs. -<br><br>KIA MOTORS AMERICA, INC., a California corporation, and KIA MOTORS CORPORATION, a foreign corporation,<br><br>Defendants. | Case No. 2:16-cv-06108-SOJ-AGR<br><br>**FIRST AMENDED COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT; FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION; STATE UNFAIR COMPETITION; COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**Jury Trial Demanded** |

Plaintiff Allstate Insurance Company ("Allstate") brings this action for trademark infringement against Kia Motors America, Inc. ("Kia Motors America") and Kia Motors Corporation (together, "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1. Despite knowledge of Allstate's federally-registered DRIVEWISE® trademark, which Allstate uses in connection with its telematics devices and related program that monitors driving behavior and provides rewards for safe driving to auto

1

insurance customers, Defendants recently announced their new "Drive Wise" sub-brand of automobiles and related features, which will, according to Defendants, include intelligent safety technology.  Kia Motors Corporation also recently applied to the United States Patent and Trademark Office ("USPTO") to register "Drive Wise" in stylized letters as a design mark for use in connection with safety devices and systems for automobiles, and "Kia Drive Wise" as a word mark for use in connection with driving technologies.  Allstate accordingly seeks an order from this Court that Defendants: (1) be enjoined from further use of "Drive Wise" or other infringement of Allstate's DRIVEWISE® Mark; (2) disgorge all profits gained from their use of "Drive Wise"; (3) terminate their trademark application(s) for any and all marks that include "Drive Wise"; and (4) pay Allstate treble damages and attorneys' fees.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction under the Lanham Act, 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) because this action arises, in part, under the Lanham Act, 15 U.S.C. § 1051 *et seq.*  This Court has supplemental jurisdiction over Allstate's state law claims under 28 U.S.C. §§ 1338(b) and 1367.

3.  This Court has personal jurisdiction over Defendant Kia Motors America, because on information and belief, Defendant Kia Motors America resides in California, is headquartered in California, conducts or has conducted substantial business, as well as advertises its products, in the State of California and within this judicial district. Defendant Kia Motors America has purposefully availed itself of the privilege of conducting business in California, including but not limited to by incorporating in California, and Defendant has caused irreparable harm in this judicial district by means of its wrongful conduct.  This Court has personal jurisdiction over Defendant Kia Motors Corporation, because on information and belief, Defendant Kia Motors Corporation conducts or has conducted substantial business in the State of California and within this Judicial District.

4.  Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred in this District.

## THE PARTIES

5.  Plaintiff Allstate is an insurance company organized and existing under the laws of the state of Illinois, with its principal place of business in Northbrook, Illinois.

6.  Defendant Kia Motors America is a corporation organized and existing under the laws of the state of California, with its principal place of business at 111 Peters Canyons Road, Irvine, CA 92606.  Defendant Kia Motors America is a subsidiary of Defendant Kia Motors Corporation.  Upon information and belief, Kia Motors America is the sole authorized distributor in the United States of Kia-branded cars to a network of Kia dealers throughout the United States.

7.  Defendant Kia Motors Corporation is a foreign corporation with its principal place of business at 231 Yangjae-dong, Seocho-gu, Seoul 137-938 South Korea.  Upon information and belief, Kia Motors Corporation has regional offices in the United States, conducts business in this District and throughout the United States, including by promoting cars under Allstate's DRIVEWISE® Mark, and is seeking to register "Drive Wise" and "Kia Drive Wise" as trademarks with the USPTO.

## FACTUAL ALLEGATIONS

### Allstate's DRIVEWISE® Program and Trademark

8.  Allstate is the largest publicly-held personal lines insurer in the United States. Allstate is widely known and respected for providing myriad insurance and related services, including automobile insurance and awards programs and telematics, property and casualty insurance, life insurance and roadside assistance services to individuals and businesses.

9.  In 2010, Allstate launched a safe driving program under the DRIVEWISE® Mark.  The DRIVEWISE® user-based insurance program is designed to monitor and improve users' driving behavior and reward customers for safe driving.  Using telematics technology, the DRIVEWISE® program measures attributes such as mileage, braking,

speed, and time of day when a customer is driving.  DRIVEWISE® customers can access the program either by using a telematics device that connects to the vehicle's computer via the onboard diagnostics port and transmits the data regarding driving behaviors via a secure wireless transmission or through a software application (DRIVEWISE® Mobile) designed for use with smart phones.  Both the telematics device and DRIVEWISE® Mobile prominently feature the DRIVEWISE® Mark, as shown below:



DRIVEWISE® Telematics Device that Connects to Vehicle's Computer



DRIVEWISE® Mobile Application as Shown in the App Store

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



DRIVEWISE® Mobile Application Open Page

10. As part of Allstate's DRIVEWISE® program, drivers can earn reward points or discounts from Allstate or its affiliates for safe driving behavior based on information recorded by and received from the driver's DRIVEWISE® telematics device or DRIVEWISE® Mobile.  Allstate owns all rights in the federally-registered trademark DRIVEWISE® in its International Classes 9 and 36.  Allstate filed a federal trademark

application for the DRIVEWISE® mark on May 26, 2010, and the USPTO issued the registration on April 12, 2011 (Registration No. 3,946,209). The registration became incontestable on April 14, 2016. A true and correct copy of the federal registration certificate is attached hereto as Exhibit A.

11. In addition, Allstate has the following pending applications to register DRIVEWISE® (either as a word or design mark) with the following U.S. Application Serial Numbers: 85/732482; 87/010,899; 87/010,900; 87/014257; 87/014,266. The applications for these pending DRIVEWISE® marks are attached hereto as Exhibit B.

12. Allstate has also established common law trademark rights in the DRIVEWISE mark. All of Allstate's trademark rights in marks that consist of or incorporate the mark DRIVEWISE are referred to herein as the "DRIVEWISE® Mark."

13. Allstate has invested substantial effort and expense, including spending many millions of dollars on advertising and promoting goods and services under the DRIVEWISE® Mark. These promotional efforts include national television advertising, online advertising via multiple websites and YouTube, and print materials provided to customers. Allstate's promotional materials for its DRIVEWISE® goods and services feature the mark, as shown in the examples below and in Exhibit C:



Postcard sent to Allstate customers countrywide regarding the DRIVEWISE® program















Front and Back of Customer Brochure for DRIVEWISE® Program



Allstate.com webpage showing advertisement for DRIVEWISE®



Screenshot, "Pure Power" | Allstate Insurance National Television Advertisement
Featuring Leslie Jones (May 12, 2016),
https://www.youtube.com/watch?v=Ghl19lJJ_mA (last visited August 21, 2016)



Screenshot, "Pure Power" | Allstate Insurance National Television Advertisement
Featuring Leslie Jones (May 12, 2016),
https://www.youtube.com/watch?v=Ghl19lJJ_mA (last visited August 21, 2016)

14. Allstate has invested significant resources to expand the goods and services associated with Allstate's DRIVEWISE® Mark and plans to continue to do so. These goods and services include (without limitation) mobile applications like DRIVEWISE® Mobile, which Allstate has already released (as described above), as well as additional functions and features for its Mobile App and related goods and services that Allstate intends to launch, *inter alia*¸ software for delivering alerts and other information to drivers based on driving history, driver behavior, driving events, vehicle volume, speed, location, time, weather, auto maintenance needs and vendors, fuel prices and vendors, real-time driving navigation advice and route  recommendations, and other data that affects driving and traffic, along with other complementary goods and services aimed at monitoring and improving driving behavior and increasing safety through the use of telematics and other technology.

15. Allstate's efforts have been fruitful.  Allstate's DRIVEWISE® mark is now used extensively throughout the United States, with more than one million people using

goods and services associated with the DRIVEWISE® Mark. DRIVEWISE®-branded products and services have also received many awards, such as the Loyalty 360 Customer Insights Gold Award, the Loyalty 360 Technology & Trends Silver Award, and the Loyalty 360 Degree Bronze Award. Additionally, the Allstate DRIVEWISE® program was one of 25 recipients of the 2015 Digital Edge Award, and was one of the top ten 2015 InformationWeek Elite 100 winners. As a result of Allstate's extensive use of its DRIVEWISE® Mark and related marketing efforts and expenditures (along with the excellence of Allstate's service and products), the DRIVEWISE® Mark has achieved a valuable reputation and a high degree of goodwill.

16. Allstate's DRIVEWISE®-branded products and services have been the subject of attention from such media outlets as *The Wall Street Journal*, *New York Times*, *Bloomberg Business* and *Boston Globe*. Consumers associate the DRIVEWISE® Mark with Allstate and favorably recognize that mark as an indicator of origin for Allstate's goods and services.

17. Allstate's trademark registration provides constructive nationwide notice of Allstate's exclusive ownership of its DRIVEWISE® mark.

## **Defendants' Infringing Use of Allstate's DRIVEWISE Mark**

18. Allstate is informed and believes, and on that basis alleges, that despite having notice of Allstate's prior rights in the DRIVEWISE® Mark and Allstate's use of the mark in connection with its telematics and reward programs for safe drivers (and related technology), Defendants adopted and commenced use of an aurally identical, confusingly similar "Drive Wise" as the brand name for its new automobile technology, including "intelligent safety" features for cars, which Defendants stated in a press release are aimed at "improve[ing] safety for all road users" and "helping to eliminate potential dangers." A copy of Defendants' press release announcing its new "Drive Wise" brand is attached as Exhibit D. According to that same press release, Defendants already have tested "Drive Wise" intelligent safety technologies on the road, and Defendants plan to invest two billion dollars by 2018 to "fast track" the development of their "Drive Wise"-

branded safety features and technology.  Defendants' conduct poses a significant threat to the goodwill and value Allstate has built in its DRIVEWISE® Mark.

19. Allstate is informed and believes, and on that basis alleges, that on January 6, 2016, Kia demonstrated its "Drive Wise"-branded intelligent safety driving features at the Consumer Electronics Show ("CES") in Las Vegas, Clark County, Nevada.  A still image from a video taken by Kelly Blue Book and posted on YouTube from the CES show is below, demonstrating Defendants' infringing use of Allstate's DRIVEWISE® Mark:



Screenshot, Kelly Blue Book, Kia Drive Wise Overview - CES 2016 (Jan. 7, 2016),
https://www.youtube.com/watch?v=81eyHhigy4c (last visited August 21, 2016)

20. Allstate is informed and believes, and on that basis alleges, that CES is the world's largest tradeshow for consumer technology and America's largest annual tradeshow of any kind.  CES garners significant news and media attention.  According to the Consumer Technology Association, the organization responsible for organizing and promoting CES, there were over 170,000 attendees at CES 2016.

21. Since their CES presentation and related press release, Defendants have continued to use Allstate's DRIVEWISE® Mark without authorization.  For example, Defendants have launched a webpage dedicated to promoting their "Drive Wise" brand, which is shown below.



Drive Wise, Kia Motors Corp., http://pr.kia.com/en/wow/drive-wise/main.do (last visited August 21, 2016)

22. Defendants also published a YouTube video, titled "DriveWise: Intelligent Safety Technology," to promote their "Drive Wise" brand, which prominently features "Drive Wise," as shown below.



Screenshot, Kia Motors Worldwide, DriveWise: Intelligent safety technology (Jan 5, 2016), https://www.youtube.com/watch?v=w6fX2fCK264 (last visited August 21, 2016)

23. Defendants have also continued to market new vehicles under Allstate's DRIVEWISE® Mark without authorization.  For example, at the New York International Auto Show, Defendants marketed the new Kia Cadenza as the first car to be sold under the "Drive Wise" brand.



Screenshot, AUTO Broadcast Video, 2017 KIA CADENZA World debute [sic] New York Auto Show 2017 (March 24, 2016), https://www.youtube.com/watch?v=-oBNwPKdMCo (last visited August 21, 2016)

24. On January 12, 2016, Kia Motors Corporation filed an application to register "Drive Wise" as a stylized design mark (as depicted below) in connection with, *inter alia*, "drive assist and safety device and system, namely . . . backward collision warning system, lane departure warning system, lane keep assist system, blind spot detection system."  On August 1, 2016, Kia Motors Corporation filed another application to register "Kia Drive Wise" as a word mark in connection with, *inter alia*, "structural parts and fittings for automobiles having self-driving and autonomous technology, primarily comprised of forward collision warning system . . . a blind spot detection system." Copies of Kia Motor Corporation's trademark applications (Serial Nos. 86/873,294; 87/122,948) are attached as Exhibit E.

25. Allstate has never given Defendants, or any company or person affiliated with Defendants, permission to use Allstate's DRIVEWISE® trademark.

**Defendants' Infringement Has Harmed And Will Continue To Harm Allstate**

26. Out of an entire universe of marks Defendants could have chosen, they chose to use "Drive Wise," which is identical in sound and connotation and is very likely to be confused with Allstate's DRIVEWISE® Mark.  The result is that consumers likely will mistakenly believe that Defendants' goods and services are sponsored, authorized, or produced by Allstate, or are under license from Allstate, or vice versa, or that Defendants are somehow associated with Allstate.

27. Defendants' conduct is continuing and is likely to continue (indeed, according to the Defendants' own press release, the magnitude of their infringement will increase exponentially in the coming months and years if not enjoined), constituting an ongoing and growing threat to Allstate and the public.  Unless Defendants are enjoined from continuing to use Allstate's DRIVEWISE® Mark—and any other confusingly similar variations of Allstate's DRIVEWISE® Mark—to promote goods and services that are overlapping and highly related to Allstate's goods and services, Defendants' infringing conduct will destroy the value of the mark that Allstate has spent years developing and significant efforts in promoting.  This has caused, and will continue to result in, irreparable injury to Allstate, diminution of the goodwill in Allstate's DRIVEWISE® Mark, consumer confusion, and harm to the public.

28. Allstate is informed and believes, and on that basis alleges, that Defendants offer and/or intend to offer their "Drive Wise"-branded auto safety technology in the same channels of commerce and to the same class of consumers as are Allstate's DRIVEWISE® products and services.   Further, Allstate's goods and services are promoted and sold by Allstate agents located inside thirty one car dealerships across the country that sell Defendants' vehicles.  The parties' goods and services are also marketed through overlapping channels, namely, the companies' channels on YouTube, tradeshows, and television advertisements, and Defendants intend to introduce additional advertisements for products marketed under "Drive Wise" to the market.

29. It would be difficult to ascertain the amount of compensation that could afford Allstate adequate remedy for Defendants' acts, present and threatened, and Allstate's remedy at law is not adequate in and of itself to compensate for this harm and damage.

30. Allstate is informed and believes, and on that basis alleges, that Defendants have been using their economic power to saturate the market with promotional materials for overlapping, complementary, and/or highly related goods and services in connection with "Drive Wise," which is confusingly similar to Allstate's DRIVEWISE® Mark.

## COUNT I

## Trademark Infringement, Lanham Act 15 U.S.C. § 1114

31. Allstate incorporates by reference and repeats the allegations contained in Paragraphs 1 through 30 of the Complaint.

32. Allstate owns a valid, enforceable and incontestable, United States registration for, and common law rights in, the DRIVEWISE® Mark, as described above, and as a result of Allstate's extensive use and promotion of the DRIVEWISE® Mark in interstate commerce and its commitment to protecting the distinctiveness of its mark, the DRIVEWISE® Mark enjoys significant goodwill and brand equity and has become associated in the minds of consumers with Allstate and its goods and services.

33. Defendants' use of Allstate's DRIVEWISE® Mark in connection with intelligent safety features for cars is likely to cause consumer confusion.  The parties'

trademarks are identical or very similar, and their goods and services are overlapping, complementary, and/or highly related.

34. Allstate has not consented to Defendants' use of its DRIVEWISE® Mark as a brand name (or for any other use).

35. Defendants had actual and/or constructive knowledge of Allstate's trademark rights prior to using "Drive Wise" to identify Defendants' safety-related car features and technology.

36. Defendants' unauthorized use of Allstate's DRIVEWISE® Mark in connection with the offering or promotion of its goods or services without Allstate's consent falsely indicates to consumers that the parties' products and services are in some manner connected with, sponsored by, affiliated with, or related to each other.

37. Defendants' use of Allstate's DRIVEWISE® Mark constitutes trademark infringement in violation of 15 U.S.C. § 1114.

38. As a result of Defendants' trademark infringement, Allstate has suffered (and will continue to suffer) damages in an amount to be determined at trial.

39. Defendants' actions described above are deliberate, willful, fraudulent and without any extenuating circumstances, and constitute a knowing violation of Allstate's rights.   Allstate is entitled to recover its actual damages, attorneys' fees, and costs incurred in this action, as this is an "exceptional case" pursuant to 15 U.S.C. § 1117(a).

40. Allstate has also suffered irreparable injury to its business as a result of Defendants' aforementioned acts of infringement, and, unless Defendants' infringement is enjoined by the Court, Allstate will continue to suffer irreparable harm.  There is no adequate remedy at law for the harm caused by Defendants' infringement.

## COUNT II

**Federal Trademark Infringement, False Designation Of Origin And Unfair Competition — Section 43 Of The Lanham Act, 15 U.S.C. § 1125(A)(1)(A)**

41. Allstate incorporates by reference and repeats the allegations contained in Paragraphs 1 through 40 of the Complaint.

42. Allstate's DRIVEWISE® Mark is inherently distinctive of Allstate's goods and services, and additionally, as a result of Allstate's marketing, enjoys significant goodwill and secondary meaning in the marketplace.

43. Defendants' interstate use of Allstate's DRIVEWISE® Mark in advertising and promotional materials is a false designation of origin, false description, or a false representation, that wrongfully and falsely designates Defendants' products and services as originating from, or being connected with, Allstate.  Defendants' use is likely to deceive consumers into believing that Defendants' goods and/or services are those of, approved by, or associated with, Allstate, and as a consequence, Defendants' use of "Drive Wise" is likely to divert consumers away from Allstate's goods and services.

44. Defendants' actions as described above and its infringing use of Allstate's DRIVEWISE® Mark to promote its goods and services to the same audience as that of Allstate's goods and services constitutes a false designation of origin and unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

45. Defendants' adoption and use of a mark so similar to that of Allstate's DRIVEWISE® Mark for overlapping, complementary, and/or highly related goods and services has caused, and will continue to cause, irreparable injury to the value of Allstate's business, and the goodwill in and reputation of Allstate and its DRIVEWISE® Mark.  Allstate will continue to suffer irreparable injury unless Defendants' misconduct is enjoined.

46. As a result of this false designation of origin, Allstate has suffered damages in an amount to be determined at trial.

47. Defendants' actions described above are deliberate, willful, fraudulent and without any extenuating circumstances, and constitute a knowing violation of Allstate's rights.  Allstate is entitled to recover its actual damages, attorneys' fees, and costs incurred in this action, as this is an "exceptional case" pursuant to 15 U.S.C. § 1117(a).

## Count III

### Unfair Competition, Cal. Bus. & Prof. Code § 17200

48. Allstate incorporates by reference and repeats the allegations contained in Paragraphs 1 through 47 of the Complaint.

49. In the course of conducting their business, Defendants' conduct—specifically, its use of confusingly similar variations of Allstate's DRIVEWISE® mark in a manner that is likely to cause consumer confusion—constitutes unfair competition and unfair business practice in violation of California Business and Professions Code § 17200.

50. Defendants' actions, as alleged above, are unlawful, unfair and/or fraudulent within the meaning of Business and Professions Code §17200.

51. As a result of this unfair competition and unfair business practice, Allstate has suffered irreparable injury to its business, reputation, and goodwill.   Allstate will continue to suffer irreparable injury unless Defendants' misconduct is enjoined.

## Count IV

### Common Law Trademark Infringement and Unfair Competition

52. Allstate incorporates by reference and repeats the allegations contained in Paragraphs 1 through 51 of the Complaint.

53. This is a claim for trademark infringement and unfair competition arising under the common law of the State of California.

54. By virtue of having used and continuing to use the DRIVEWISE® Mark in commerce, Allstate has acquired common law trademark rights in the DRIVEWISE® Mark.

55. Defendants' intentional use of a mark identical and/or confusingly similar to the DRIVEWISE® Mark infringes Allstate's common law trademark rights in the DRIVEWISE® Mark and is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendants' goods and services originate from, or are affiliated with, or are endorsed by Allstate, when, in fact, they are not.

56. By virtue of acts complained of herein, Defendants have intentionally caused a likelihood of confusion among the public and have unfairly competed with Allstate in violation of the common law of the State of California.

57. Defendants' aforementioned acts have been deceptive and have injured Allstate and damaged Allstate in an amount to be determined at trial.

58. As a direct and proximate result of Defendants' common law trademark infringement and unfair competition, Allstate has suffered, and unless enjoined by this Court will continue to suffer, monetary loss and irreparable injury and other damage to Allstate's business, reputation and goodwill in the DRIVEWISE® Mark for which Allstate has no adequate remedy at law.

59. As a direct and proximate result of Defendants' common law trademark infringement and unfair competition, Allstate has been forced to retain counsel to prosecute this claim and is entitled to recover its attorneys' fees and costs incurred herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Allstate respectfully requests that the Court enter an Order:

1. Enjoining Defendants as well as their subsidiaries, partners, officers, agents, servants, employees, attorneys, and all those acting in concert with them, from (1) using Allstate's DRIVEWISE® Mark or any colorable imitation (including "Drive Wise" whether in stylized/logo form or not); and (2) doing any act or thing likely to confuse or deceive consumers into believing that there is some connection between Allstate and Defendants;

2. Ordering Defendants, pursuant to 15 U.S.C. § 1116, to file with this Court and serve on Allstate within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which it has complied with the terms of any injunction entered by the Court;

3. Ordering Defendants to recall and/or destroy all goods, products, promotional materials or advertisements bearing Allstate's DRIVEWISE® Mark or any similar

variation thereof, which have been provided by Defendants or under their authority, to any customer;

4. Requiring the Director of the USPTO, pursuant to 15 U.S.C. 1119, to deny registration of Kia Motor Corporation's pending applications for the stylized "Drive Wise" trademark, Serial Number 86,873,294, and the word mark "Kia Drive Wise," Serial Number 87,122,948;

5. Awarding Allstate (1) disgorgement of Defendants' profits and advantages gained from their use of the brand name "Drive Wise"; (2) all damages sustained by Allstate in an amount to be proven at trial; (3) treble damages; (4) the costs of this action; (5) reasonable attorneys' fees; and (6) pre- and post-judgment interest as allowed by law;

6. Entering a judgment awarding Allstate reasonable attorneys' fees, and injunctive relief pursuant to California Business and Professions Code § 17200;

7. Entering a judgment in connection with the asserted common law claims and/or otherwise permitted by law, including, without limitation, injunctive relief and an award of damages in favor of Allstate in an amount to be determined; and

8. Granting Allstate such other and further relief as this Court deems just and equitable.

Dated: August 22, 2016                    Respectfully submitted,

                                          /s/ Sierra Elizabeth

                                          Sierra Elizabeth (SBN #268133)
                                          KIRKLAND & ELLIS LLP
                                          333 South Hope St
                                          Los Angeles, CA 90071
                                          (213) 680-8400
                                          sierra.elizabeth@kirkland.com

                                          Garret A. Leach, P.C. (*pro hac vice* pending)
                                          Robin A. McCue (*pro hac vice* pending)
                                          Megan New (*pro hac vice* pending)
                                          KIRKLAND & ELLIS LLP
                                          300 North LaSalle
                                          Chicago, IL 60654

(312) 862 - 2000
gleach@kirkland.com
robin.mccue@kirkland.com
megan.new@kirkland.com

*Attorneys for Plaintiff Allstate*
*Insurance Company*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2016, I electronically filed the foregoing

document with the Clerk of Court using CM/ECF, which sent notification of such filing

to all counsel of record.


*/s/ Sierra Elizabeth*