1  Sierra Elizabeth (SBN #268133)
   sierra.elizabeth@kirkland.com
2  KIRKLAND & ELLIS LLP
   333 South Hope St
3  Los Angeles, CA 90071
   (213) 680-8400
4  (213) 680-8500

5  Garret A. Leach, P.C. (*pro hac vice*)
   gleach@kirkland.com
6  Robin A. McCue (*pro hac vice*)
   robin.mccue@kirkland.com
7  Megan M. New (*pro hac vice*)
   megan.new@kirkland.com
8  KIRKLAND & ELLIS LLP
   300 North LaSalle
9  Chicago, IL 60654
   (312) 862 - 2000
10
   *Attorneys for Plaintiff Allstate Insurance*
11 *Company*

12 Kevin J. Minnick (SBN # 199916)
   kevin.minnick@skadden.com
13 Lance A. Etcheverry (SBN #269620)
   lance.etcheverry@skadden.com
14 Skadden, Arps, Slate, Meagher & Flom LLP
   300 S Grand Avenue, Suite 3400
15 Los Angeles, CA 90071-3144
   213-687 5000
16
   *Attorneys for Defendants*
17

**NOTE CHANGES MADE BY THE COURT**

18           UNITED STATES DISTRICT COURT
             CENTRAL DISTRICT OF CALIFORNIA
19

| | |
|---|---|
| 20 ALLSTATE INSURANCE COMPANY, an Illinois insurance company, | CASE NO. 2:16-cv-06108-SJO-(AGRx) |
| 21 | **STIPULATED PROTECTIVE ORDER** |
| 22      Plaintiff, | |
| 23    - vs - | Complaint Filed Date: August 22, 2016 |
| 24 KIA MOTORS AMERICA, INC., a California corporation, and KIA MOTORS CORPORATION, a foreign corporation, | |
| 25 | The Hon. S. James Otero<br>Hon. Alicia G. Rosenberg |
| 26      Defendants. | |

**NOTE CHANGES MADE BY THE COURT**

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

This Stipulated Protective Order ("Order") is entered into with respect to and by all parties to the above-captioned matter (the "Action").

WHEREAS, discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

WHEREAS, this action is likely to involve trade secrets and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential and proprietary brand research, confidential business or financial information, information regarding confidential business and marketing practices, other confidential research, and development, or commercial information, information otherwise generally unavailable to the public, which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of

STIPULATED PROTECTIVE ORDER | CASE NO. 2:16-cv-06108-SJO (AGRx)

1

disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

WHEREAS, during the course of discovery in this matter, it may be necessary for a party or non-party to the Action ("Producing Person") to disclose documents or information to one or more Parties to this Action ("Receiving Party"), including in response to document requests, interrogatories, deposition notices, subpoenas, or other means of discovery allowed by the Federal Rules of Civil Procedure and the Local Rules of this Court ("Discovery Requests"); and

WHEREAS, in accordance with Initial Standing Order Rule 28(a), the Parties stipulate and agree as follows:

1. This Order applies to all information, documents and things (including electronically stored information (ESI) exchanged in or subject to discovery in this Action), including, without limitation, deposition testimony (whether based upon oral examination or written questions), interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents and things produced (including documents and things produced to the Receiving Party for inspection and documents and things provided to the Receiving Party, whether in the form of originals or copies), whether provided in response to a formal discovery request or otherwise, as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "Discovery Material").

2. A Producing Person may designate Discovery Material as "CONFIDENTIAL" if such Producing Person believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or includes information: (i) that has not been made public and that the Producing Person would not want to be made public in the ordinary course of its activities, including but not limited to technical, business, financial, trade secret, personal or other information of a nature that can be protected under Federal Rule of Civil Procedure 26(c); or (ii) that the Producing Person is under a preexisting obligation to a third-party to treat as confidential; or (iii) that the Producing Person has in good faith been requested by another party or non-party to so designate on the ground that such other party or non-party considers such material to contain information that is confidential or proprietary to such party or non-party.

3. A Producing Person may also designate Discovery Material as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," which should be available only to in-house counsel, outside counsel of record and their employees, experts and consultants, the Court, qualified court reporters, and witnesses in the Action as provided below.

4. Where reasonably practicable, "CONFIDENTIAL" material shall be designated by the Producing Person as such by marking every such page "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." Such markings should not obliterate or obscure the content of the material that is produced. Where marking every page of such materials is not reasonably practicable, such as with certain native file documents, a Producing Person may designate material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by informing the person to whom the material is provided in writing in a clear and conspicuous manner at the time of production of

such material, that such material is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

5. Any Discovery Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" may be used by the Receiving Party only for the purpose of prosecuting and/or defending this Action.

6. Any Receiving Party shall give, show, make available or communicate Discovery Material that has been designated "CONFIDENTIAL" only to the following:

    a. The parties to this action, including their officers, directors and employees, and any class representative(s) who may be appointed at a later date;

    b. Counsel of record who have entered an appearance on behalf of a party and employees of such counsel who are assisting in the preparation of trial of this action;

    c. experts and consultants (and their respective staff) that are retained to assist in the preparation of trial of this action;

    d. the Court, its officers and clerical staff;

    e. outside photocopying, graphic production services, or litigation support services;

    f. court reporters, stenographers, or videographers who record deposition or other testimony in the litigation;

    g. witnesses in the Action, but only as provided in the following numbered paragraph; and

    h. any other person or entity to whom the Producing Person may consent in writing.f

7. Any Receiving Party may disclose Discovery Material designated "CONFIDENTIAL" to any deponent in preparation for his or her deposition or during his or her deposition if counsel for that party (a) determines in good faith that such information is reasonably likely to be relevant to the deposition and (b) ensures that (i) the deponent does not retain in his or her possession copies of any such information designated "CONFIDENTIAL," and (ii) the deponent does not make any notes concerning the substance of any such "CONFIDENTIAL" information disclosed to

him or her. Similarly, there shall be no prohibition of disclosure of Discovery Material designated "CONFIDENTIAL" to any non-party witness during a deposition given by the witness provided the examining attorney has a good faith basis for believing that the witness has knowledge regarding the "CONFIDENTIAL" Discovery Material. In such case, the examining attorney must ensure that: (i) the deponent does not retain in his or her possession copies of any such information designated "CONFIDENTIAL", and (ii) the deponent does not make any notes concerning the substance of any such "CONFIDENTIAL" information disclosed to him or her.

8. Except for counsel of record and their employees, necessary Court personnel, qualified court reporters, and persons who are parties to this action (in the case of corporate parties, their officers, directors and employees will be considered "parties to this action" for purposes of this Protective Order), every person to whom counsel for a Receiving Party intends to disclose Discovery Materials designated "CONFIDENTIAL" (as permitted by the above provisions) shall be provided with a copy of this Order and shall acknowledge in a written statement, in the form provided as Exhibit A hereto, that he or she read the Order and agrees to be bound by the terms thereof. Such executed Exhibit A shall be retained in the files of counsel for the party who gave access to the Discovery Materials designated as "CONFIDENTIAL" to the person who was provided such access. Such executed Exhibit A shall not be subject to disclosure under the Federal Rules of Civil Procedure or the Local Rules of this Court unless a showing of good cause is made and the Court so orders. Nothing in this Order shall require a party to disclose the identity of non-testifying consultants to another party, or to prematurely disclose testifying experts, or to otherwise divulge privileged information to another party.

9. Except for in-house counsel, outside counsel of record and their employees, the Court, and qualified court reporters, every person to whom counsel for a Receiving Party intends to disclose Discovery Materials designated "HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be provided with a copy of this Order and shall acknowledge in a written statement, in the form provided as Exhibit B hereto, that he or she read the Order and agrees to be bound by the terms thereof. Such executed Exhibit B shall be retained in the files of counsel for the party who gave access to the Discovery Materials designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" to the person who was provided such access. Such executed Exhibit B shall not be subject to disclosure under the Federal Rules of Civil Procedure or the Local Rules of this Court unless a showing of good cause is made and the Court so orders. Nothing in this Order shall require a party to disclose the identity of non-testifying consultants to another party, or to prematurely disclose testifying experts, or to otherwise divulge privileged information to another party.

10. In the event a person being given access to Discovery Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY refuses to sign Exhibit A or B attached hereto, those Discovery Materials may still be used at a deposition, ~~hearing or trial~~ if, subject to the further requirements of Paragraph 10 below, the Receiving Party notifies the Producing Party of the potential use of information before the deposition, ~~hearing or trial~~, and informs the person being given access of the executed Exhibit A or B and that such person may be held in contempt of Court for failing to comply with this Protective Order.

11. Provided that "CONFIDENTIAL" material is accepted for filing by the Court under seal, "CONFIDENTIAL" material shall be filed under seal. Consistent with Local Rule 79-5.2, whenever materials subject to this Protective Order (or any pleading, motion or memorandum referring to them) are proposed to be filed in the Court record under seal, the party making such filing must simultaneously submit a motion and accompanying order pursuant to Local Rule 79-5.2. "CONFIDENTIAL" material and any copies thereof, and the information contained therein that are filed with the Court or any pleadings, motions or other papers filed with the Court, shall be

filed under seal in a separate sealed envelope conspicuously marked "Filed Under Seal – Subject to Confidentiality Order," or with such other markings as required by the Court's rules. Where possible, only those portions of filings with the Court that disclose "CONFIDENTIAL" material shall be filed under seal. Each filing party will make a good faith effort to file "CONFIDENTIAL" material under seal. If such "CONFIDENTIAL" material is not accepted for filing by the Court under seal, then such "CONFIDENTIAL" material shall be filed or presented as the Court instructs.

12. The limitations on disclosure in this Order shall not apply to any Discovery Materials offered or otherwise used by any Party at trial or any hearing held in open court, ~~except as provided in this paragraph.~~ Prior to the use of any "CONFIDENTIAL" material at trial or any hearing to be held in open court, counsel for any party (whether or not a Producing Person) who desires to so offer or use such "CONFIDENTIAL" material shall endeavor to meet and confer with the Producing Person together with any other parties who have expressed interest in participating in such meet and confer, at least 3 days in advance of the trial or hearing, to discuss ways to redact the "CONFIDENTIAL" material so that the material may be offered or otherwise used by any party. If the parties are unable to resolve a dispute involving such redaction, the party objecting to the use of such materials at trial or any hearing may then move the Court to resolve any such dispute. ~~Otherwise, counsel for any party who desires to offer or use such "CONFIDENTIAL" material shall advise the Court so appropriate protections may be instituted by the Court.~~

13. In the case of depositions, if counsel for a party or non-party believes that a portion or all of the testimony given at a deposition constitutes confidential material, counsel shall so state on the record and shall request that the entire transcript or the relevant portion of testimony be sealed. The court reporter, who shall first have agreed to abide by the terms of this Order, shall be instructed to include on the cover page of each sealed transcript the legend: "This transcript portion contains information subject to a Protective Order and shall be used only in accordance

therewith." In addition, each page of the transcript containing information designated as Confidential material shall include the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." If the deposition is videotaped, the videotape shall be subject to the same level of confidentiality as the transcript and the cover of the videotape shall include the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" as appropriate, if any portion of the transcript itself is so designated. When testimony designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the portion of the deposition so designated. In addition, any party or non-party may designate the transcript or videotape of a deposition as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" within twenty-one (21) court days of the party's or non-party's receipt of the final transcript from the court reporter. Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that constitute items designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" and directing the court reporter to place the same under seal as provided in this paragraph. Until expiration of the aforesaid twenty-one (21) day court period following receipt of the transcript by the Parties, all deposition transcripts and videotapes shall be considered and treated as "CONFIDENTIAL" unless otherwise agreed on the record at the deposition. Nothing in this paragraph shall apply to or affect the confidentiality designations on documents or materials entered as exhibits at depositions.

14. Nothing herein shall be a waiver or relinquishment by any person of any right to object to any discovery request, or to the admission of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any

other applicable court from any provision of this Order by motion on notice on any grounds.

15. If any Receiving Party objects to the designation of any Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), the Receiving Party shall first raise the objection with the party responsible for such designation, and seek to confer in good faith by telephone or in person to attempt to resolve any dispute respecting the terms or operation of this Order. If such a dispute cannot be resolved after such objection is first raised, the objecting party may then move the Court to do so. Until the Court rules on such an issue, the Discovery Material shall continue to be treated as designated. Upon motion, the Court may order the removal of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" designation from any Discovery Material so designated subject to the provisions of this Order.

16. A Receiving Party shall not be obliged to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The failure of any party to challenge the designation by a Producing Person of Discovery Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" during the discovery period shall not be a waiver of that party's right to object to the designation at trial.

17. Except as otherwise set forth herein, within 60 days of the final adjudication of the Action (including any appellate proceedings) or final disposition of the Action, all Discovery Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," and all copies or notes thereof, shall either be returned to counsel for the respective Producing Person, or destroyed, except that counsel may retain their work product and copies of court filings, transcripts, and exhibits, provided said retained documents will continue to be treated

as provided in this Order. Notwithstanding the foregoing, Discovery Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" may be retained to the extent they are "backed up" on electronic information management and communications systems or servers, are not available to an end user and cannot be expunged without considerable effort. If a person in possession of Discovery Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" chooses to destroy documents rather than return the same, that person shall certify such destruction in writing to opposing counsel or counsel for the Producing Person.

18. Within 60 days of the final adjudication of the Action (including any appellate proceedings) or final disposition of the Action, the parties shall request that the Clerk of the Court either return or destroy any sealed materials not filed or lodged with the court. Should the Clerk of the Court return any sealed materials to a party or non-party, that party or non-party must dispose of them in compliance with the terms of this Protective Order.

19. This Order applies to all non-parties that are served with subpoenas in connection with the Action or who otherwise produce documents or are noticed for deposition in connection with the Action, upon signing a copy of this Order and agreeing to be bound by its terms.

20. Any party may move to modify the provisions of this Order at any time or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to modify the provisions of the Order.

21. Any person or party subject to this Order that may be subject to a motion or other form of legal process or any regulatory process or demand seeking the disclosure of another party's or non-party's information designated "CONFIDENTIAL" pursuant to this Order: (i) shall promptly notify that party or non-party to enable it to have an opportunity to appear and be heard on whether that information should be disclosed, and (ii) shall not provide such materials unless

1  required by court order, law or regulation, or with the consent of the Producing
2  Person.
3      22. Nothing in this Order affects the right of any Producing Person that
4  designates material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -
5  ATTORNEYS' EYES ONLY" to use or disclose such material in any way. Such
6  disclosure will not waive the protections of this Order and will not entitle other
7  parties, non-parties, or their attorneys to use or disclose such material in violation of
8  this Order, except that if the Producing Person uses material it produced in a manner
9  inconsistent with its confidential status, then that will serve as a basis to object to the
10 designation and to contend that such designation has been waived.
11     23. Except as provided in this paragraph, following a Producing Person's
12 production or dissemination of Discovery Material, the failure to designate particular
13 Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -
14 ATTORNEYS' EYES ONLY" at the time of production shall not operate to waive a
15 Producing Person's right to later designate such Discovery Material as
16 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES
17 ONLY." No party shall be deemed to have violated this Order if, prior to notification
18 of any later designation, such Discovery Material has been disclosed or used in a
19 manner inconsistent with the later designation. Once such a designation has been
20 made, however, any such Discovery Material shall be treated as "CONFIDENTIAL"
21 or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in accordance with
22 this Order; *provided, however*, that if the Discovery Material that was not designated
23 is, at the time of the later designation, filed with a court on the public record, the party
24 or person that failed to make the designation shall move for appropriate relief. If an
25 omitted "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES
26 ONLY" designation is first claimed during the course of a deposition or hearing, the
27 subject Discovery Material may be used during that day's deposition or hearing, as
28

though no designation had been made, but shall be treated as though such designation had been made immediately thereafter.

24. The parties expressly agree that, pursuant to Fed. R. Evid. 502(d), the production or disclosure of a document protected by the attorney-client privilege or work product immunity shall not operate as a waiver of, or estoppel as to, any such privilege or immunity. If information or documents subject to a claim of privilege or of protection as trial preparation material are produced, the Producing Person making the claim may give written notice to any Receiving Party that the information or document produced is considered privileged and request the return of the information or document. After being notified, the Receiving Party must fully comply with Federal Rule of Civil Procedure 26(b)(5); return or destroy the specified information and any copies it has within three (3) business days; not use or disclose the information until the claim is resolved; and take reasonable steps to retrieve the information if the party disclosed it before being notified. If the Receiving Party wishes to challenge the Producing Person's assertion of privilege or immunity, the Receiving Party may move the Court for an order compelling return of such information on any basis other than waiver due to inadvertent disclosure of privileged material. In any event, to the extent the document is not entirely privileged, within three (3) business days after the return or destruction of the specified information, the Producing Party must produce new copies of the document in question with the protected material redacted.

25. Nothing herein shall be deemed to prevent a party or non-party from objecting to discovery or asserting that information being sought in discovery is of such a nature that discovery should not be afforded because of the confidential, personal or proprietary nature of the information being sought or to preclude a party or non-party from seeking additional or further limitations on the use or disclosure of such information.

26. The provisions of this Order shall survive the final termination of the Action for any retained Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

Dated: November 23, 2016

/s/ *Kevin J. Minnick*

Lance A. Etcheverry (SBN # 199916)
lance.etcheverry@skadden.com
Kevin J. Minnick (SBN #269620)
kevin.minnick@skadden.com
Skadden, Arps, Slate, Meagher & Flom LLP
300 S Grand Avenue
Suite 3400
Los Angeles, CA 90071-3144
213-687 5000

/s/ *Sierra Elizabeth*

Sierra Elizabeth (SBN #268133)
sierra.elizabeth@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope St
Los Angeles, CA 90071
(213) 680-8400
(213) 680-8500

Garret A. Leach, P.C. (*pro hac vice*)
gleach@kirkland.com
Robin A. McCue (*pro hac vice*)
robin.mccue@kirkland.com
Megan M. New (*pro hac vice*)
megan.new@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: 12/5/2016

*Alicia G. Rosenberg*
Honorable Alicia G. Rosenberg
United States Magistrate Judge

STIPULATED PROTECTIVE ORDER        CASE NO. 2:16-cv-06108-SJO (AGRx)

# Exhibit A

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ALLSTATE INSURANCE COMPANY, an Illinois insurance company,

Plaintiff,

- vs -

KIA MOTORS AMERICA, INC., a California corporation, and KIA MOTORS CORPORATION, a foreign corporation,

Defendants.

CASE NO. 2:16-cv-06108-SJO-AGR

Hon. S. James Otero

**DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE STIPULATED PROTECTIVE ORDER**

I, _____, declare under penalty of perjury that:

1. My address is _____

2. My present employer is _____

3. My present occupation or job description is _____

4. I hereby certify and agree that I have read and understand the terms of the Stipulated Protective Order relating to the Action. I further certify that I will not use "CONFIDENTIAL" material for any purpose other than this Action, and will not disclose or cause "CONFIDENTIAL" material to be disclosed to anyone not expressly permitted by the Order to receive "CONFIDENTIAL" material. I further certify that I understand that I do not have access to material that has been designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." I agree to be bound by the terms and conditions of the Order.

5. I understand that I am to retain in confidence from all individuals not expressly permitted to receive information designated as "CONFIDENTIAL," whether at home or at work, all copies of any materials I receive which have been designated as "CONFIDENTIAL" and that I will carefully maintain such materials in

3

1 | a container, drawer, room or other safe place in a manner consistent with the Order. I
2 | acknowledge that the return or destruction of "CONFIDENTIAL" material shall not
3 | relieve me from any other continuing obligations imposed upon me by the Order.

4 |     6.    I stipulate to the jurisdiction of this Court solely with respect to the
5 | provisions of the Order.

Date: _____

_____

**Exhibit B**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, an Illinois insurance company,<br><br>Plaintiff,<br><br>- vs -<br><br>KIA MOTORS AMERICA, INC., a California corporation, and KIA MOTORS CORPORATION, a foreign corporation,<br><br>Defendants. | CASE NO. 2:16-cv-06108-SJO-AGR<br><br>Hon. S. James Otero |

**DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE STIPULATED PROTECTIVE ORDER**

I, _____, declare under penalty of perjury that:

1. My address is _____

2. My present employer is _____

3. My present occupation or job description is _____

4. I hereby certify and agree that I have read and understand the terms of the Stipulated Protective Order relating to the Action. I further certify that I will not use "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" material for any purpose other than this Action, and will not disclose or cause "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" material to be disclosed to anyone not expressly permitted by the Order to receive "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" material. I agree to be bound by the terms and conditions of the Order.

5. I understand that I am to retain in confidence from all individuals not expressly permitted to receive information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," whether at home or at work, all copies of any materials I receive which have been designated as

1  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" and that I will carefully maintain such materials in a container, drawer, room or other safe place in a manner consistent with the Order. I acknowledge that the return or destruction of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" material shall not relieve me from any other continuing obligations imposed upon me by the Order.

      6. I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Order.

Date: _____

_____